USDC SCAN INDEX SHEET










TKL    6/23/03    15:34
3:02-CV-00264    KINTERA INC V. CONVIO INC
*54*
*M.*

Robert P. Taylor (State Bar No. 46046)
Robert N. Phillips (State Bar No. 120970)
Buckmaster de Wolf (State Bar No. 195536)
Ethan B. Andelman (State Bar No. 209101)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025-3741
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Michael A. Rahman
KINTERA, INC.
9560 Scranton Road, Suite 240
San Diego, California 92121
Telephone: (858) 795-3011
Facsimile: (858) 795-3010

Attorneys for Plaintiff KINTERA, INC.

FILED
03 JUN 23 PH 1:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

NUNC PRO TUNC
JUN 1 8 2003

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINTERA, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONVIO, INC.,<br>a Delaware corporation,<br><br>Defendant. | Civil No. 02-0264-BTM (LSP)<br><br>**KINTERA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENT [Priv. Log Doc. No. 1]**<br><br>Date: July 14, 2003<br>Time: 9:00 a.m.<br>Judge: Hon. Leo S. Papas<br>Courtroom: G |

# TABLE OF CONTENTS

I. Introduction .................................................................................................................. 1

II. Statement of facts ........................................................................................................ 2

III. Argument .................................................................................................................... 4

    A. The TeamRaiser History Document is not protected by the attorney-client privilege ............... 4

    B. The TeamRaiser History Document is not protected by the work product doctrine ................ 7

        1. The TeamRaiser History Document is not work product. ................................................... 8

        2. Kintera has a substantial need for the TeamRaiser History Document. ........................... 9

    C. The Court should review the TeamRaiser History Document *in camera*. ............................ 11

IV. Conclusion ................................................................................................................ 12

# TABLE OF AUTHORITIES

## Cases

*Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439 (S.D.N.Y. 1990) ............................................... 8

*Fletcher v. Union Pacific Railroad Co.*, 194 F.R.D. 666 (S.D. Cal. 2000) ............................................ 11

*Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573 (9th Cir. 1992) ........................ 11

*In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992) ........................................................ 14

*In re Grand Jury Proceedings*, 896 F.2d 1267, 1270 (11th Cir. 1990) ................................................ 8

*In re Grand Jury Subpoena*, 655 F.2d 882 (8th Cir. 1981) .................................................................. 8

*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229 (W.D.N.Y. 1998) .......................... 10

*Rutgard v. Haynes*, 185 F.R.D. 596 (S.D. Cal. 1999) .................................................................. 12, 13

*United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680 (S.D. Cal. 1996) ........................ 9

*United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396 (D. Colo. 1992) ...................... 12

*United States v. Abrams*, 905 F.2d 1276, 1283 (9th Cir. 1990), *overruled in part on other grounds by United States v. Jose*, 131 F.3d 1325, 1329 (9th Cir. 1997). ..................................................... 8

*United States v. Osborn*, 561 F.2d 1334 (9th Cir. 1977) ..................................................................... 7

*United States v. Zolin*, 491 U.S. 554 (1989) ..................................................................................... 14

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ....................................................................... 8, 11

## Rules

Fed. R. Civ. P. 26(b)(3) ............................................................................................. 10, 11, 12

Fed. R. Civ. P. 26(b)(5) ................................................................................................................ 10

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2 **PLEASE TAKE NOTICE THAT** on July 14, 2003, at 9:00 a.m., before the Honorable Leo S. Papas, United States Magistrate Judge, Plaintiff Kintera, Inc. ("Kintera") will and hereby does apply to this Court for an order compelling Defendant Convio, Inc. ("Convio") to produce to Kintera a document that Convio has marked with bates numbers CONVIO_03_01835 – 37 and listed as the first document on its privilege log. This motion is made on the grounds that, although alleged to be privileged by Convio, the document contains no privileged information and is not otherwise immune from discovery.

This motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Ethan B. Andelman filed herewith, all papers and pleadings on file herein, and upon any other oral or documentary evidence that may be presented to the Court.

## I. INTRODUCTION

From the outset of this case, Kintera has maintained that Convio obtained unauthorized access to the demonstration web site that Kintera designed for the Komen Foundation; copied information found in that demonstration site; and benefited from that copying by using that information to develop a competitive product to sell to the Komen Foundation. Indeed, Convio admits that it obtained Kintera's private, password-protected URL from the Komen Foundation and accessed Kintera's confidential web site located at that URL.

On April 21, 2003, Convio produced to Kintera a document (referred to herein as the "TeamRaiser History Document") containing a lengthy list of factual statements describing the numerous changes Convio made to its competitive product after improperly accessing the site located at Kintera's private, password-protected URL. The facts contained in the TeamRaiser History Document confirm that Convio directly benefited from its unauthorized access to Kintera's private, password-protected URL. Thus, the TeamRaiser History Document is an admission by Convio establishing some of the essential elements of Kintera's case.

The TeamRaiser History Document also identifies various Convio documents that reflect the changes Convio made to its product as a result of Convio's unauthorized access. Shortly after receiving the TeamRaiser History Document, Kintera contacted Convio to confirm that all

of the documents identified in the TeamRaiser History Document had been produced. In response to Kintera's inquiry, Convio claimed that the TeamRaiser History Document — nothing more than a plain recitation of facts — is an attorney-client privileged communication that Convio had produced inadvertently. Pursuant to the Stipulated Protective Order in this case, Kintera returned the document to Convio, reserving its right to challenge the assertion of privilege. Kintera now brings this motion to compel the production of the TeamRaiser History Document.

Convio's claim that the TeamRaiser History Document is privileged cannot be sustained. As will be made clear by an *in camera* review of the TeamRaiser History Document, the document contains no legal advice or request for legal advice, and there is no indication that it was created at the direction of counsel or transmitted to counsel in confidence. Furthermore, Convio has waived any claim of attorney work product protection by not claiming such protection on its recently produced privilege log. Moreover, as a mere factual recitation that cannot readily be recreated through deposition questioning, the document is not immune from discovery under the work product doctrine. Accordingly, Convio has no basis for withholding the document from production and it should be produced.

## II. STATEMENT OF FACTS

On April 21, 2003, Convio produced approximately six boxes of documents to Kintera. Included in these documents was the TeamRaiser History Document, which Convio marked with bates number CONVIO_03_01835 – 37. Declaration of Ethan B. Andelman in Support of Kintera's Motion to Compel Production of Allegedly Privileged Document ("Andelman Decl."), ¶ 2.

The TeamRaiser History Document appears to be a factual narrative describing the various steps in the development of Convio's TeamRaiser product (the competitive product that Convio developed to sell to the Komen Foundation). *Id.* ¶ 3. This document provides an in-depth account of the development history of Convio's TeamRaiser product, including specific events which occurred during the process of development. *Id.* Most importantly, the TeamRaiser History Document provides a detailed admission of the key facts that support

- 2 -
KINTERA'S MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

Kintera's allegations in this case: an enumerated list of several changes that Convio made to its TeamRaiser product after reviewing Kintera's private web site designed specifically for the Komen Foundation and accessable only through Kintera's private, password-protected URL. *Id.* ¶ 4. Because this list of changes is spelled out clearly in the document, it is important for the Court to view this document *in camera* in order to better understand the issues discussed herein.[1]

As part of its historical recitation, the TeamRaiser History Document also provides the names of 18 computer files that Convio engineers generated or relied upon in the process of developing the TeamRaiser product, along with an explanation of the importance of each file. *Id.* ¶ 5. Kintera was unable to determine whether the 18 documents identified in the TeamRaiser History Document were also included in Convio's original production of documents. *Id.* Accordingly, on May 20, 2003, Kintera sent Convio a letter requesting that Convio identify, by bates number, each document identified in the TeamRaiser History Document. *See* Andelman Decl., Ex. A. Shortly after sending this letter, counsel for Kintera received a telephone call from Chad Fuller, counsel for Convio, claiming that the TeamRaiser History Document was privileged and had been inadvertantly produced to Kintera. Andelman Decl., ¶ 6. Mr. Fuller asserted that the document was created by Dave Hart of Convio at counsel's request. *Id.* Mr. Fuller requested the immediate return of the TeamRaiser History Document in both that telephone conversation and a follow-up letter. *Id.*; Andelman Decl., Ex. B. Counsel for Kintera agreed to refrain from reviewing the TeamRaiser History Document while Kintera considered Convio's request. Andelman Decl. ¶ 7.

The Stipulated Protective Order entered by this Court prescribes a specific procedure for dealing with claims of inadvertent production of privileged documents. *See* Stipulated Protective Order, ¶ 15(b). Pursuant to that procedure, Kintera returned the original TeamRaiser History Document to Convio and destroyed all electronic and paper copies it had made of that document. Andelman Decl., Ex. C. Kintera specifically reserved its right, however, to challenge Convio's

---

[1] Kintera's counsel reviewed the TeamRaiser History Document when it was first produced by Convio (without any indication that it was even arguably privileged). However, because Kintera returned the document to Convio, as detailed below, no copies of the document currently remain with Kintera's counsel. Therefore, all descriptions of the document herein are based solely upon counsel's memory. Such descriptions cannot substitute for an actual review of the document by the Court.

- 3 -

KINTERA'S MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

assertion of privilege with regard to this document. *Id.* When Kintera returned the document to Convio, Kintera also served a set of discovery requests on Convio designed to obtain, without reference to the TeamRaiser History Document, the factual information reflected in the allegedly privileged document. Andelman Decl., Exs. D-F.

In the privilege log produced by Convio in this case on June 10, 2003, Convio describes the TeamRaiser History Document as a "[c]ommunication re development history of TeamRaiser," and claims the document is protected by the attorney-client privilege. Andelman Decl., Ex. G. Notwithstanding Convio's belated designation, there is no indication on the face of the TeamRaiser History Document that it is in any way privileged or that it was prepared at the request of counsel. Andelman Decl., ¶ 10. Furthermore, the document contains no legal advice, or request for legal advice and there is no indication that it was created or transmitted to counsel in confidence. *Id.* Significantly, Convio does not claim that the document is protected by the attorney work product doctrine. *See* Andelman Decl., Ex. G.

Accordingly, after careful consideration, taking into account the purely factual nature of the contents of the TeamRaiser History Document, the lack of any markings on the face of the document that it is privileged, and the lack of any indication on the face of the document that it was prepared at the request of counsel, Kintera brings this motion to compel.

### III. ARGUMENT

Convio's assertion that the TeamRaiser History Document is privileged is unsupportable. Convio cannot meet its burden to prove that this document is either privileged or subject to the attorney work product doctrine. The TeamRaiser History Document must therefore be produced.

#### A. The TeamRaiser History Document is not protected by the attorney-client privilege

The burden of proof and of production of evidence rests here on Convio, the proponent of the privilege. *See United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977). Convio cannot establish several of the most essential elements required to demonstrate that attorney-client privilege attaches to the TeamRaiser History Document. Attorney-client privilege attaches only when there are:

- 4 -
KINTERA'S MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#01!.DOC)

> (1) communications (2) made in confidence (3) by the client (4) in the course of seeking legal advice (5) from a lawyer in his capacity as such, and applies only (6) when invoked by the client and (7) not waived.

*United States v. Abrams*, 905 F.2d 1276, 1283 (9th Cir. 1990), *overruled in part on other grounds by United States v. Jose*, 131 F.3d 1325, 1329 (9th Cir. 1997).

Significantly, in determining whether a document is privileged, "courts have distinguished between underlying facts — facts existing independently of any communication between the attorney and client — and communications about those facts, extending the privilege to the latter but not the former." *In re* Grand Jury Proceedings, 896 F.2d 1267, 1270 (11th Cir. 1990); *see also Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (privilege "does not protect disclosure of the underlying facts . . ."); *cf. Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 444 (S.D.N.Y. 1990) (holding that communication from attorney to client of factual information regarding legal claims is not privileged).

The courts addressing this issue reason that transmitting mere facts to counsel does not constitute protectable privileged communications because the transmission does not reflect any legal advice, and providing protection to transmitted facts would prevent opposing parties from discovering relevant facts merely because they were communicated to counsel. *Upjohn*, 449 U.S. at 395 ("The client . . . may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.") (citation omitted). The law is clear that the TeamRaiser History Document is not privileged merely because Convio sent the document to its counsel. *See, e.g., In re Grand Jury Subpoena*, 655 F.2d 882, 886 (8th Cir. 1981) ("Mere delivery of the documents to the attorney would not create the privilege where it previously did not exist."). For example, in *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 682-83 (S.D. Cal. 1996), this Court found that documents containing only the facts of a case, even if transmitted to an attorney by a client, were not protected by the attorney-client privilege, noting that "[p]ercipient facts cannot achieve the protected status under the attorney-client privilege by merely repeating them to an attorney."[2] *Id.* at 683.

---

[2] In *Burroughs*, this Court additionally found, as an independent ground for holding that attorney-client privilege did not attach, that the communications at issue (disclosure statements provided to the

- 5 -

The same distinction between unprotectable facts and privileged communications, applied here, compels the conclusion that the TeamRaiser History Document is not privileged. The TeamRaiser History Document contains nothing more than the underlying facts of this case. The document sets forth a timeline of the development of the TeamRaiser product, which confirms the allegations Kintera has asserted in this case. It contains no request for legal advice from counsel, as required by the case law. Nor does it reflect any legal advice from counsel. There is simply no indication on the document that it was created for the purpose of communicating with counsel regarding legal advice. As a purely factual document, the TeamRaiser History Document does not qualify as a privileged communication with counsel, even though it was sent to counsel.

Moreover, there is no indication on the TeamRaiser History Document that it is anything other than a document created in the ordinary course of business. The document contains no marking that it is confidential or privileged, or that it was created at the request of an attorney (as now claimed by Convio), or created for the purpose of seeking legal advice. Indeed, the document contains no hallmarks of a communication — for instance, there is no indication of an author or a recipient, a date, or the entity from which the document originated. The absence of these standard features of a privileged communication on the TeamRaiser History Document suggests that the document is nothing more than a pre-existing document that was, apparently, sent to counsel after he requested information from his client regarding Convio's infringing TeamRaiser product.[3]

In fact, Convio has produced similar documents (not claimed as privileged) that demonstrate a practice by Convio of creating a timeline of the creation of products, including TeamRaiser, in a "post-mortem" evaluation of the project, apparently to identify ways to improve future projects. *See* Andelman Decl., Ex. H. The TeamRaiser History Document's

---

government in actions under the False Claims Act) were not made in confidence, as required, because they were made for the purpose of complying with statutory requirements. *Id.* at 683.

[3] By challenging Convio's description of the TeamRaiser History Document, Kintera does not question the integrity of Convio's counsel. Mr. Fuller clearly believes that the TeamRaiser History Document was created at his direction. However, Mr. Fuller cannot know the actual circumstances surrounding the creation of the document — all he can know is that he requested information from his client, and that it was sent to him.

factual retelling of the creation of the TeamRaiser product appears to be nothing more than another example of Convio's post-mortem evaluation process.

Accordingly, because Convio cannot demonstrate that the TeamRaiser History Document was a confidential communication from client to counsel for the purpose of seeking legal advice, it cannot withhold the document on the basis of attorney-client privilege.

### B. The TeamRaiser History Document is not protected by the work product doctrine

In the privilege log provided in this case, Convio failed to claim that the work product doctrine protected the TeamRaiser History document against disclosure. Andelman Decl., Ex. G. Therefore, Convio has waived any ability to argue that the document is, indeed, protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5) (requiring parties to make work product claims "expressly"); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237 (W.D.N.Y. 1998) ("Failure to comply with Rule 26(b)(5) waives the objection.").

In any event, the work product doctrine does not shield the TeamRaiser History Document from discovery. The work product doctrine applies to documents that are "prepared in anticipation of litigation" by a party. Fed. R. Civ. P. 26(b)(3). Work product documents fall into two categories — ordinary, factual work product and opinion work product. Opinion work product discloses the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation," and is provided a higher level of protection from discovery. Fed. R. Civ. P. 26(b)(3); *see also Upjohn*, 449 U.S. at 402; *Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). Conversely, fact work product does not disclose the mental impressions or opinions of the attorney, and is consequently provided a lower level of protection. *Holmgren*, 976 F.2d at 577. Given the purely factual nature of the TeamRaiser History Document, there could be no claim that the document is anything other than fact work product, but even that protection is not applicable here.

As with attorney-client privilege, the burden of proving the applicability of work product rests with Convio. *Fletcher v. Union Pacific Railroad Co.*, 194 F.R.D. 666, 672 (S.D. Cal. 2000). If Convio establishes the applicability of the work product doctrine, the documents may

still be discovered upon a showing of substantial need for the documents and "undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). Given the facts here, the TeamRaiser History Document is not protected by the work product doctrine.

### 1. The TeamRaiser History Document is not work product.

The Team Raiser History Document is merely a factual recitation of the development history of Convio's Team Raiser product. As such, it certainly does not contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" necessary to qualify as opinion work product.

The document also fails to qualify as fact work product. The TeamRaiser History Document, as discussed above, appears to be a document created by Convio in the regular course of its business. There is no indication on the document that it was prepared in anticipation of litigation or prepared at the direction of counsel. Furthermore, the document contains no markings indicating that it is confidential or protected by the work product doctrine. It therefore appears to be nothing more than a document created in the ordinary course of business which was subsequently transmitted to counsel, thereby failing to meet the work product requirement that the document be "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3).

### 2. Kintera has a substantial need for the TeamRaiser History Document.

Even if Convio had not waived the work product privilege and were somehow able show that the TeamRaiser History Document is fact work product, the document should still be produced to Kintera. "Where, as here, the work product in question merely consists of a document reciting factual information provided by the client, the necessity for protection from discovery is weak, at best." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396 (D. Colo. 1992). Rule 26(b)(3) allows discovery of work product where there is a showing of "substantial need" for the materials and "undue hardship" to obtaining the materials elsewhere. Fed. R. Civ. P. 26(b)(3). In other words, "a party must show the importance of the information

KINTERA'S MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

to the preparation of his case and the difficulty the party will face in obtaining substantially equivalent information from other sources if production is denied." *Rutgard v. Haynes*, 185 F.R.D. 596, 600 (S.D. Cal. 1999) (quotation marks and citation omitted); *see also Hickman*, 329 U.S. at 511 ("Where relevant and non-privilege facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.").

For instance, in *Rutgard*, the plaintiff was suing his former attorney for negligent representation in an antitrust suit, seeking damages from the settlement of a subsequent malicious prosecution suit. *Rutgard*, 185 F.R.D. 601. The defendant requested materials from the plaintiff's malicious prosecution counsel relating to the defense of the malicious prosecution claim. *Id.* at 597. The court found that the requested materials, even though they were work product, were "clearly integral" to the defendant's case. *Id.* at 601. The materials were ordered produced, because, in addition to the centrality of the materials to the defendant's case, he was unable to obtain them anywhere else. *Id.*

Kintera can similarly demonstrate a substantial need for the document and an inability to obtain that information by other means. The facts contained in the TeamRaiser History Document are <u>the</u> essential elements of Kintera's copying case — specifically, the document constitutes an admission regarding the numerous specific changes that Convio made to the design of its competitive product after it improperly accessed and viewed the confidential, password protected demonstration site Kintera created for the Komen Foundation. Kintera has no evidence substantially equivalent to this admission by Convio. There can therefore be little question that Kintera has a substantial need for the TeamRaiser History Document.

Moreover, Kintera cannot readily replicate the TeamRaiser History Document via other means. The TeamRaiser History Document is more than a simple recollection of events. It contains a detailed description of the steps taken by Convio to create the TeamRaiser product, including a discussion of 18 computer files (referred to by their filenames) which reflect the changes made by Convio after viewing Kintera's confidential, password protected demonstration site. The document therefore appears to have been created through reference to relevant

documents. As a result, it is unlikely that Dave Hart, the purported author of the document, would be able to provide in a deposition the historical factual information contained in the TeamRaiser History Document with as much detail and accuracy or identify the specific computer files referenced in the TeamRaiser History Document with as much specificity as is provided in the TeamRaiser History Document itself.[4]

Because Convio cannot demonstrate that the TeamRaiser History Document is protected by the work product doctrine, and, in any event, Kintera can demonstrate a substantial need for the document and an inability to obtain readily the information contained in that document through other means, Convio cannot withhold this document on the basis of the work product doctrine.

### C. The Court should review the TeamRaiser History Document *in camera*.

As explained above, Kintera has had an opportunity to view the TeamRaiser History Document due to its inadvertent production by Convio. Kintera believes that in order to adequately assess Convio's privilege claim, it is important for the Court to view the TeamRaiser History Document *in camera*.

This Court has the power to order Convio to produce the TeamRaiser History Document for *in camera* review. "To empower the district court to review the disputed materials *in camera*, the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992).

The decision whether to conduct an *in camera* review is within the discretion of the Court. *Id.* This discretion is guided by several factors, including the volume of materials the Court has been asked to review; the relative importance to the case of the alleged privileged

---
[4] In an attempt to obtain the information through non-deposition means, Kintera has served Convio with discovery requests that are intended to elicit the information contained in the TeamRaiser History Document. Andelman Decl., Exs. D-F. Convio's responses to these requests are due next Monday, June 23, 2003. Accordingly, the Court should have those responses as part of the record before the hearing on this motion on July 14, 2003.

- 10 -
KINTERA'S MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

information; and the likelihood that the *in camera* review will establish that the document is not privileged. *See id.*; *United States v. Zolin*, 491 U.S. 554, 572 (1989).

All of the factors in this case support an *in camera* review by the Court. The TeamRaiser History Document Kintera is asking this Court to review is a single, three-page document and hence the volume is minimal. Furthermore, as explained above, the TeamRaiser History Document contains factual admissions central to Kintera's allegations in this case and thus the document is very important. Finally, as provided in the Andelman Declaration, there is a reasonable, good faith basis to believe that review of the TeamRaiser History Document by the Court will demonstrate that the information in that document is not privileged. Andelman Decl., ¶¶ 3-5; 10. The document is a mere factual recitation of the events leading up to the creation of Convio's infringing competitive TeamRaiser product. The document contains no legal advice, or request for legal advice and there is no indication that it was created or transmitted to counsel in confidence.

Therefore, the Court should exercise its discretion and order an *in camera* review of Convio's TeamRaiser History Document to assist it in deciding this motion.

### IV. CONCLUSION

For the foregoing reasons, Kintera respectfully requests the Court to find that the TeamRaiser History Document is not privileged and order Convio to produce it to Kintera promptly.

June 17, 2003

Respectfully submitted,

_____
Robert P. Taylor (State Bar No. 46046)
Robert N. Phillips (State Bar No. 120970)
Buckmaster de Wolf (State Bar No. 195536)
Ethan B. Andelman (State Bar No. 209101)
HOWREY SIMON ARNOLD & WHITE, LLP

Michael A. Rahman
KINTERA, INC.

Attorneys for Plaintiff KINTERA, INC.

- 11 -