















TKL    6/30/03    12:49
3:02-CV-00264   KINTERA INC V. CONVIO INC
*55*
*OPPM.*

ORIGINAL



1  Robert P. Taylor (State Bar No. 46046)
   Robert N. Phillips (State Bar No. 120970)
2  Buckmaster de Wolf (State Bar No. 195536)
   Ethan B. Andelman (State Bar No. 209101)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025-3741
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Michael A. Rahman
   KINTERA, INC.
7  9560 Scranton Road, Suite 240
   San Diego, California 92121
8  Telephone: (858) 795-3011
   Facsimile: (858) 795-3010

9  Attorneys for Plaintiff  KINTERA, INC.

10

11

12                UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

14  KINTERA, INC.,
15  a Delaware corporation,                      Civil No. 02-0264-BTM (LSP)

16              Plaintiff,                        **KINTERA, INC.'S OPPOSITION
                                                  TO CONVIO, INC.'S MOTION TO
17      vs.                                       COMPEL PRODUCTION OF
                                                  DOCUMENTS BY PLAINTIFF
18  CONVIO, INC.,                                 KINTERA, INC.**
    a Delaware corporation,
19                                                Date:  July 14, 2003
              Defendant.                          Time:  9:00 a.m.
20                                                Judge:  Hon. Leo S. Papas

21

22

23

24

25

26

27

28

KINTERA'S OPPOSITION TO CONVIO'S
MOTION TO COMPEL PRODUCTION
P. 115322(2GZ#011.DOC)





# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................1

II.  CONVIO IS NOT ENTITLED TO OBTAIN KINTERA'S THIRD PARTY WITNESS
     STATEMENTS AND RELATED DOCUMENTS. ...........................................2

     A. Convio Does Not Dispute That The Third Party Witness Documents Are Fact Work
        Product, And It Has Failed To Make An Adequate Showing Of Need To Obtain Them...3

        1.  The third party witness documents are protected by the work product doctrine...........3

        2.  Convio has failed to make the showing necessary to obtain the third party witness
            documents. ..................................................................................................4

     B. Most Of The Third Party Witness Documents Contain Opinion Work Product And Are
        Therefore Protected To An Even Greater Extent. .............................................6

     C. Kintera Has Not Waived Its Work Product Protection...........................................7

III. CONVIO IS NOT ENTITLED TO THE OTHER DOCUMENTS IT SEEKS TO
     COMPEL.............................................................................................................8

IV. CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AT&T Corp. v. Microsoft Corp.,*
2003 U.S. Dist. LEXIS 8710 (N.D. Cal. Apr. 18, 2003) ................................................. 6

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,*
160 F.R.D. 437 (S.D.N.Y. 1995) .................................................................................... 9

*Basinger v. Glacier Carriers, Inc.,*
107 F.R.D. 771 (M.D. Pa. 1985) ............................................................................... 4, 6

*City of Springfield v. Rexnord Corp.,*
196 F.R.D. 7 (D. Mass. 2000) ....................................................................................... 5

*Connolly Data Systems, Inc. v. Victor Technologies, Inc.,*
114 F.R.D. 89 (S.D. Cal. 1987) ................................................................................. 6, 7

*Fletcher v. Union Pacific Railroad Co.,*
194 F.R.D. 666 (S.D. Cal. 2000) ................................................................................... 4

*Hickman v. Taylor,*
329 U.S. 495 (1947) .................................................................................................. 3, 4

*Holmgren v. State Far*
976 F.2d 573 (9th Cir. 1992) ........................................................................................ 7

*In re Shoreline Concrete Co.,*
831 F.2d 903, 905 (9th Cir. 1987) ................................................................................ 5

*Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,*
125 F.R.D. 578 (N.D.N.Y. 1989) .................................................................................. 8

*Spruill v. Winner Ford of Dover, Ltd.*
175 F.R.D. 194 (D. Del. 1997) ...................................................................................... 4

*Suggs v. Whitaker,*
152 F.R.D. 501 (M.D.N.C. 1993) .................................................................................. 5

*United States v. Chatham City Corp.,*
72 F.R.D. 640 (S.D. Ga. 1976) ................................................................................. 4, 6

*Upjohn Co. v. United States,*
449 U.S. 383 (1981) ...................................................................................................... 7

## STATUTES

Civ. LR 26.1(a) ......................................................................................................... 2, 8

Fed. R. Civ. P. 26(b)(3) ............................................................................................ 3, 4

- ii -

## I.    INTRODUCTION

Convio's Motion to Compel Production of Documents by Plaintiff Kintera, Inc. (the "Motion") is a misleading muddle of inadmissible evidence, unsupported accusations and improper argument.  Rather than addressing the issues on which it is actually seeking relief, Convio engages in a blatant smear campaign designed to impugn the credibility of Kintera and the professionalism of its counsel by, among other things, improperly and inaccurately disclosing settlement discussions between counsel.[1]  It is far from clear exactly what relief Convio is requesting in its Motion because, instead of discussing the documents Convio seeks to compel production of, Convio makes specious allegations that Kintera is attempting to intimidate and harass Convio and its customers.  Indeed, Convio's Motion to Compel reads more like a motion to dismiss.  Of the three questions Convio claims its Motion presents, only the first question is properly before this Court — whether Kintera may withhold third-party witness statements and related documents on the basis of the work product doctrine.

After the impertinent and inflammatory argument is stripped away, all that is left of Convio's Motion is thin authority and weak argument concerning a run-of-the-mill discovery dispute between the parties regarding the application of the work product doctrine and attorney client privilege to two different sets of documents.  The first set of documents is third party witness statements and other documents containing communications with those third parties, all created in anticipation of this litigation.  Convio, confusing the issue, argues strenuously that these documents cannot possibly expose the mental impressions of Kintera's attorneys.  Convio conveniently ignores the fact that even documents devoid of attorney opinions, but still prepared in anticipation of litigation, are work product protected from discovery under Rule 26(b)(3).  Furthermore, most of the documents do, indeed, contain Kintera's attorney's mental impressions.

The second set of documents, which Convio erroneously characterizes as between Kintera employees and third parties, is e-mails between non-attorney employees of Kintera sent

---

[1] The passages referring to settlement discussions, as well as other passages, are the subject of Kintera's Objection and Motion to Strike the Declaration of Chad Fuller and the Declaration of Patrick Dillon ("Motion to Strike"), filed contemporaneously with this opposition.

KINTERA'S OPPOSITION TO CONVIO'S
MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

at the direction of in-house counsel, which, by their nature, reflect the substance of attorney-client conversations.  For this reason, Kintera has properly asserted both attorney-client privilege and work product protection on these documents.  These documents, however, are not properly the subject of Convio's Motion to Compel because Convio never attempted to meet and confer with Kintera regarding these documents as required by Civ. LR 26.1(a).  For this reason, the Court should decline to hear Convio's Motion regarding these documents until the parties have had an opportunity to attempt to resolve the dispute in the appropriate meet and confer process.

Accordingly, the Court should deny Convio's Motion to Compel.[2]

## II.   CONVIO IS NOT ENTITLED TO OBTAIN KINTERA'S THIRD PARTY WITNESS STATEMENTS AND RELATED DOCUMENTS.

Before it brought this lawsuit, Kintera had conversations with two former employees of Convio, both of whom informed Kintera of potential improper conduct by Convio.  (Declaration of Michael Rahman in Support of Kintera, Inc.'s Opposition to Convio, Inc.'s Motion to Compel Production of Documents by Plaintiff Kintera, Inc. ("Rahman Decl."), ¶ 2).  After discussions with these third parties regarding these allegations, Kintera obtained signed witness statements from both third parties.  (Rahman Decl., ¶ 4).  Kintera has placed the following documents related to these third party witness inviews on the its privilege log (the current revised version is attached hereto as Exhibit 1):  (i) the witness statements (documents 121 and 122);  (ii) emails reflecting the ongoing conversations between Kintera and the third parties (documents 10, 14,

---

[2] Because of their highly prejudicial nature, Kintera feels compelled to address briefly the numerous allegations in Convio's Motion that Kintera's pursuit of this litigation is motivated by a desire to "scare and intimidate Convio."  *See, e.g.,* Motion at 1-5.  Aside from the obvious point that Convio is placing these allegations in a motion to compel to which they are wholly irrelevant, Convio's allegations are simply false.  Despite Convio's emphasis on the claims regarding the misappropriation of the CD-ROM, this case does not revolve solely around the CD-ROM.  Convio conveniently ignores the allegations in Kintera's Second Amended Complaint that Convio unlawfully accessed Kintera's demonstration web site created for the Komen Foundation by using a password-protected URL it obtained from Komen.  *See* Second Amended Complaint, ¶¶ 49-53.  Convio has admitted that it copied confidential information from Kintera's web site.  Furthermore, Convio's allegedly privileged document (the subject of Kintera's cross-motion to compel) also confirms that Convio relied upon the confidential information it copied from Kintera's web site in designing its competing TeamRaiser product.  Therefore there is substantial *undisputed* evidence supporting Kintera's claims in this lawsuit.  Convio cannot credibly claim otherwise.

KINTERA'S OPPOSITION TO CONVIO'S
MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

16, 17, 26, 28, 82-83,[3] and 87-109); and (iii) recorded conversations with the third parties (112 and 113).[4] . Kintera has properly asserted the work product doctrine in withholding each of these documents (collectively, the "third party witness documents") from Convio.[5]

A.   **Convio Does Not Dispute That The Third Party Witness Documents Are Fact Work Product, And It Has Failed To Make An Adequate Showing Of Need To Obtain Them.**

1.   **The third party witness documents are protected by the work product doctrine.**

Convio argues that it is entitled to the third party witness documents because it erroneously contends they do not contain the mental impressions of Kintera attorneys and are therefore not protected by the work product doctrine. Motion at 8.  In addition to being incorrect about the content of most of the documents (*see infra* Part II.B.), Convio has also mischaracterized the law.  Even information that is purely factual falls under the protection of the work product doctrine if it is "prepared in anticipation of litigation" by a party.  Fed. R. Civ. P. 26(b)(3); *see also Hickman v. Taylor*, 329 U.S. 495, 512 (1947).  Convio does not, and cannot, dispute that the third party witness documents were prepared by Kintera in anticipation of litigation — by their very nature, they were written and maintained by Kintera in the process of determining whether to bring this lawsuit.  (Rahman Decl., ¶ 3).

These documents, therefore, are virtually identical to witness statements that have been protected from disclosure under the work product doctrine ever since *Hickman*, the seminal case regarding work product protection.  *See Hickman*, 329 U.S. at 510.  Indeed, the facts of *Hickman* are strikingly similar to those here.  The documents at issue in *Hickman* were witness statements

---

[3] Convio moves to compel document 84.  However, upon review of this document for purposes of preparing this opposition, Kintera discovered that document 84 and document 83 are duplicates. Kintera has therefore removed document 84 from its revised privilege log.  *See* Exhibit 1.
[4] As explained on Kintera's revised privilege log, document 112 is a recording of a conversation between Mr. Rahman and Mr. Anderson, and document 113 is a recording of a conversation between Mr. Rahman and Ms. Tomich. *See* Exhibit 1.
[5] In reviewing the Amended Privilege Log Kintera provided Convio on April 9, 2003, for purposes of preparing this opposition, Kintera noticed that it inadvertently claimed attorney client privilege and work product protection on document 121, and inadvertently did not place any designation for document 122. Kintera has clarified on its revised privilege log that it asserts only work product protection for both documents 121 and 122.  *See* Exhibit 1.

taken by attorney Fortenbaugh and signed by the witnesses. *Id.* at 498. The Supreme Court held that there was no "*discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability . . . appears unimpaired.*" *Id.* at 509 (emphasis added). In accordance with *Hickman,* courts routinely hold that witness statements like those here are protected by the work product doctrine. *See, e.g., Spruill v. Winner Ford of Dover, Ltd.,* 175 F.R.D. 194, 201-02 (D. Del. 1997) (finding witness statements protected by the work product doctrine); *Basinger v. Glacier Carriers, Inc.,* 107 F.R.D. 771, 774-75 (M.D. Pa. 1985) (same).

### 2. Convio has failed to make the showing necessary to obtain the third party witness documents.

Because Kintera has established the applicability of the work product doctrine to the third party witness documents, the burden shifts to Convio to demonstrate that it has a "substantial need" for these documents and that it would be subject to an "undue hardship" if it were required to obtain the information from elsewhere. Fed. R. Civ. P. 26(b)(3). "Substantial need" exists when the facts contained in the protected document are essential elements of the case and when the facts contained in the document cannot be obtained from another source. *Fletcher v. Union Pacific Railroad Co.,* 194 F.R.D. 666, 670-71 (S.D. Cal. 2000). For instance, in *Fletcher,* the court concluded that the plaintiff, who was claiming that he was injured on the job, had no substantial need for surveillance tapes made of him by the defendant because the tapes would not be introduced at trial. *Id.* at 672-74. Furthermore, the plaintiff had other evidence of his injuries, so the information contained in the tapes were obtainable elsewhere. Therefore, the plaintiff had access to "substantially equivalent evidence," defeating the claim of undue hardship. *Id.* at 675; *see also United States v. Chatham City Corp.,* 72 F.R.D. 640, 644 (S.D. Ga. 1976) ("[D]iscovery of work product material will be denied if the information desired can be obtained by deposition.").

Convio has not even attempted to argue that it has a substantial need for these documents (nor could it establish such substantial need). The closest Convio comes are multiple statements that justice or fairness requires Kintera to produce these documents. Motion at 8, 10. However,

- 4 -

1   simple appeals to equity cannot take the place of an unambiguous test provided for in the Federal

2   Rules of Civil Procedure. *See, e.g., In re Shoreline Concrete Co.*, 831 F.2d 903, 905 (9th Cir.

3   1987) ("[A] fundamental principle of equity jurisprudence is that 'equity follows the law.'").

4          Convio's failure to articulate any reason that it requires access to the third party witness

5   documents is not surprising.  Convio cannot demonstrate that it would be unable to obtain the

6   information contained in the third party witness documents from another, substantially

7   equivalent source through traditional discovery methods.  As Convio acknowledges, if it wishes

8   to discover what Mr. Anderson and Ms. Tomich know about the allegations in this case, it can

9   simply depose those two witnesses. Motion at 9.  Mr. Anderson and Ms. Tomich are represented

10  in this action by the law firm of Hunton & Williams, which can presumably schedule the

11  deposition of either or both witnesses if Convio wishes.[6]   Convio has not even tried to schedule

12  a deposition.  In fact, at an earlier stage of this litigation, Convio objected to Kintera's attempt to

13  depose Ms. Tomich and obtained a stay of all discovery in this case.

14         Convio erroneously claims that the contents of the third party witness documents cannot

15  be recreated through a deposition because the documents are contemporaneous statements

16  regarding Convio's copying of Kintera's website. Motion at 8-9.  The acts alleged in Kintera's

17  complaint took place in or around July 2001.  The documents Convio seeks were consequently

18  written 6 to 10 months after the acts complained about.  *See* Exhibit 1.  They are not

19  contemporaneous statements by any reasonable definition of that term.  *See, e.g., City of*

20  *Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 10 (D. Mass. 2000) (statements made "*at the time of*

21  *an incident*" are "unique in that they provide a contemporaneous impression of the facts")

22  (emphasis added); *Suggs v. Whitaker*, 152 F.R.D. 501, 508 n.5 (M.D.N.C. 1993) ("Statements

23  made several weeks or a month after the event may not so qualify [as contemporaneous

24

25

26

---

27  [6] Convio's criticism of Kintera for obtaining counsel for Mr. Anderson and Ms. Tomich on the
    grounds that Kintera was attempting to "deprive" Convio of the ability to speak with these witnesses
28  is shocking.  Motion at 2, 9.  Kintera hired separate counsel for Mr. Anderson and Ms. Tomich in
    order to guard against potential harassment and intimidation of these former Convio employees.

statements]."); *Basinger*, 107 F.R.D. at 774-75 (statements procured one month after incident were not contemporaneous).

Convio can obtain evidence substantially equivalent to the third party witness document by deposing Mr. Anderson and Ms. Tomich, and it must do so rather invade Kintera's work product. *See, e.g.*, *AT&T Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 8710 at *18 (N.D. Cal. Apr. 18, 2003) ("[I]f the party seeking production could elicit the same information through deposition, then the need for the documents is diminished. . . ."); *Chatham City Corp.*, 72 F.R.D. at 644.

### B. Most Of The Third Party Witness Documents Contain Opinion Work Product And Are Therefore Protected To An Even Greater Extent.

Beyond the factual work product discussed above, most of the third party witness documents also contain opinion work product, and are properly withheld on that basis as well.[7]

Opinion work product discloses the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Courts have found the questions attorneys ask third party witnesses in interviews to be opinion work product because they disclose these mental impressions. For instance, in *Connolly Data Systems, Inc. v. Victor Technologies, Inc.*, 114 F.R.D. 89 (S.D. Cal. 1987), a case cited by Convio in its Motion, the court held that "a party cannot discovery what an attorney said to a witness in interviewing him or in preparation for his deposition because such statements are likely to reveal the attorney's mental impressions, opinions and theories of the case." *Id.* at 96. The court therefore ordered that, while the witness's factual knowledge could be explored at deposition, opposing counsel could not inquire about the questions asked by the attorney, the general line of inquiry pursued by the attorney, or the facts the attorney appeared particularly interested in. *Id.*

As with the protected attorney questioning in *Connolly*, many of the documents at issue (Nos. 16, 17, 26, 28, 82-84, 87-100, 106-109, 112 and 113) are opinion work product. These

---

[7] These are documents 16, 17, 26, 28, 82-84, 87-100, 106-109, 112 and 113.

KINTERA'S OPPOSITION TO CONVIO'S
MOTION TO COMPEL PRODUCTION
P. 115322(2GZ#011.DOC)

documents reflect communications between Michael Rahman, in-house counsel for Kintera, and the third party witnesses, and therefore necessarily reflect the mental impressions of Mr. Rahman.  The e-mails contain the questions Mr. Rahman asked of Mr. Anderson and Ms. Tomich and the areas of inquiry that Mr. Rahman focused on with the third party witnesses. (Rahman Decl., ¶ 5).  This is also particularly true of documents 112 and 113, which are recordings of conversations between Mr. Rahman and the third party witnesses and contain direct questioning of the third party witnesses. *Id.*

As above with fact work product, Convio has not and cannot show that it is entitled to obtain Kintera's opinion work product.  The showing necessary to obtain opinion work product is significantly greater than the substantial need and undue burden showing necessary for disclosure of fact work product. *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981).  In the Ninth Circuit, opinion work product is discoverable only if the mental impressions of the attorney are directly at issue in the case and the need for the material is compelling. *Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).  Here, there can be no claim that the mental impressions of Kintera's attorneys are at issue, nor can Convio assert any compelling need for Kintera's opinion work product.  Because Convio has not articulated any need for these documents, let alone the compelling need required by the law, Convio is not entitled to obtain these documents.

### C.    Kintera Has Not Waived Its Work Product Protection.

Convio appears to allege in its Motion that Kintera has waived its work product protection because, based on the double hearsay allegations of a Convio salesman, Patrick Dillon,[8] Kintera allegedly offered to disclose the third party witness statements (documents 121 and 122) to a Convio customer. *See* Motion at 3, 4.

Even as alleged by Convio, the most Kintera has done is merely *offer* to disclose work product information.  This cannot form the basis of a waiver.  Unlike attorney client privilege,

---

[8] Kintera has objected to and moved to strike the Dillon Declaration as inadmissible. *See* Motion to Strike.

KINTERA'S OPPOSITION TO CONVIO'S
MOTION TO COMPEL PRODUCTION
P: 115322(2GZ#011.DOC)

1    which may be waived if the privileged information is disclosed to *any* third party, the work

2    product protection is waived only if a protected document is disclosed voluntarily to an opposing

3    party, or to a third party under circumstances that make it likely the work product information

4    will become available to the opposing party. *See, e.g., Niagara Mohawk Power Corp. v. Stone &*

5    *Webster Engineering Corp.*, 125 F.R.D. 578 (N.D.N.Y. 1989). Convio has not, and cannot,

6    allege that the third party witness documents were ever disclosed under such circumstances.

7    Therefore, Kintera has not waived its work product protection.

8

9    **III.**    **CONVIO IS NOT ENTITLED TO THE OTHER DOCUMENTS IT SEEKS TO COMPEL.**

10    Other than the third party witness documents discussed above, Convio improperly seeks

11    to compel documents 36, 41, 65, and 70-78 (collectively, the "McNeill documents"). These

12    documents are e-mails written at the direction of in-house counsel by J.P. McNeill, a Kintera

13    employee, to other Kintera employees. Prior to bringing its Motion, Convio failed to meet and

14    confer with Kintera regarding the McNeill documents, in violation of Civ. LR 26.1(a). It is

15    therefore highly improper for Convio to be moving on these documents, and, pursuant to the

16    Civil Local Rules, this Court should not entertain Convio's motion with respect to the McNeill

17    documents.

18

19    However, on the merits, it is clear that Kintera's claims of attorney client privilege are

20    proper.[9] "[Attorney client] privilege protects from disclosure communications *among corporate*

21    *employees* that reflect advice rendered by counsel to the corporation. . . . This follows from the

22    recognition that since the decision-making power of the corporate client may be diffused among

23    several employees, the dissemination of confidential communications to such persons does not

24    defeat the privilege." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437,

25

---

26    [9] Convio erroneously claims that documents 26, 28, 121, and 122, which are part of the third party witness documents, fall in this category of documents, on which both work product protection and attorney client privilege is claimed. Motion at 6 n.1. Kintera's privilege log does not claim attorney

27    client privilege on documents 26 and 28, and as explained *supra*, note 6, Kintera is not claiming attorney client privilege on documents 121 and 122. Furthermore, although Convio asserts that

28    Kintera's claim of privilege for documents 52 and 53 is "highly questionable," Convio Motion at 7, Convio does not request that this Court order the production of these two documents.

442 (S.D.N.Y. 1995) (emphasis added).  Mindful of not waiving the privilege by describing the content of the communications in this brief,[10] the McNeill documents were written by J.P. McNeill, Kintera's Vice President of Sales, at the direction of in-house counsel and in preparation for this litigation pursuant to Kintera's discovery obligations.  (Rahman Decl., ¶ 6).  Because the McNeill documents were disseminated between Kintera employees, and reflect legal advice from counsel, they are protected by attorney client privilege.

As noted above, Convio failed properly to meet and confer regarding the McNeill documents.  Convio therefore fundamentally misunderstands the nature of these documents, alleging that they are between Kintera and *third parties*.  They are not.  J.P. McNeill, as already stated, is Kintera's Vice President of Sales.  Rahman Decl., ¶ 6.  Denise Clancy, a recipient on each of these e-mails, was at the time Mr. McNeill's secretary.  *Id.*  Allen Gruber, a recipient of many of the documents, is Kintera's Executive Vice President.  *Id.*  And Michael Aufichtig, a recipient on document 65, is a Kintera sales representative.  *Id.*  Accordingly, there is no basis to claim that Kintera has waived its privilege in these documents.

These same facts also establish that the McNeill documents are protected from disclosure as opinion work product – they were prepared in anticipation of litigation and reflect the mental impressions of an attorney.  As above, Convio has neither attempted to provide a compelling need for these documents, nor could it provide one.  Any information contained within the McNeill documents are therefore also protected from discovery by the work product protection.

## IV.   CONCLUSION

For the foregoing reasons, Kintera respectfully requests that this Court determine that Kintera has properly invoked the attorney client privilege and/or the work product protection

---

[10] As shown on Kintera's privilege log, the contents of the e-mails are related to Kintera's demonstration CD-ROMs, 40 of which were photocopied and produced to Convio.  *See* documents with bates labels KNTR001744-83.  Kintera has also provided other documents relating to Kintera's demonstration CD-ROM.  (*See* Rahman Decl., Ex. B).  Convio's claims that Kintera has not provided any documents regarding the CD-ROM are therefore simply false, and are belied by Convio's failure even to attempt a meet and confer with Kintera regarding any alleged deficiency in Kintera's document production.  *See* Motion at 9-10.  Kintera remains ready and willing to discuss with Convio any alleged deficiencies in its discovery.

- 9 -

with regard to documents 10, 14, 16, 17, 26, 28, 36, 41, 65, 70-78, 82-84, 87-109, 112, 113, 121

and 122, and therefore deny Convio's Motion to Compel in its entirety.

June 27, 2003                                        Respectfully submitted,


Robert P. Taylor (State Bar No. 46046)
Robert N. Phillips (State Bar No. 120970)
Buckmaster de Wolf (State Bar No. 195536)
Ethan B. Andelman (State Bar No. 209101)

HOWREY SIMON ARNOLD & WHITE, LLP


Michael A. Rahman

Kintera, Inc.


Attorneys for Plaintiff KINTERA, INC.

Exhibit 1

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients¹ | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 1 | 10/22/2001 | Dennis Berman | Michael Rahman, Esq.; Harry Gruber; Allen Gruber | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 2 | 10/22/2001 | Allen Gruber | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client | AC/WP |
| 3 | 10/22/2001 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman; Allen Gruber | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 4 | 11/20/2001 | Allen Gruber | Michael Rahman, Esq.; Harry Gruber; Dennis Berman | 3 | communication regarding litigation | AC/WP |
| 5 | 1/3/2002 | Michael Rahman, Esq. | Susan Wilson | 2 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 6 | 1/3/2002 | Susan Wilson | Dennis Berman; Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 7 | 1/7/2002 | Judy Piercey | Michael Rahman, Esq.; Harry Gruber | 1 | e-mail seeking legal advice regarding trademark use | AC |
| 8 | 1/17/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 9 | 1/17/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | communication regarding litigation | AC/WP |
| 10 | 1/19/2002 | Harry Gruber | Mike Anderson; Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement | WP |
| 11 | 1/20/2002 | Dennis Berman | Harry Gruber; Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding third-party witness | AC/WP |
| 12 | 1/21/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 13 | 1/21/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 14 | 1/21/2002 | Mike Anderson | Harry Gruber; Michael Rahman, Esq. | 3 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |

¹ All recipients listed in this column were, at the time the communication occurred, employees of Kintera, Inc., except for Michael Anderson and Heidi Tomich, who were third parties, and Robert Phillips, Buckmaster de Wolf, Erik Moller, Ethan Andelman, and Terry Ahern, who were outside counsel for Kintera.

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX
6/26/2003

| Document No. | Date | Author | Recipients¹ | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 16 | 1/22/2002 | Michael Rahman, Esq. | Mike Anderson | 4 | e-mail containing attorney work product regarding third party witness interview concerning infingement by Convio | WP |
| 17 | 1/22/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infingement by Convio | WP |
| 18 | 1/22/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 19 | 1/22/2002 | Harry Gruber | Michael Rahman, Esq. | 4 | e-mail containing confidential attorney client communication regarding third-party witness | AC/WP |
| 20 | 1/23/2003 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 21 | 1/23/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Erik Moller, Esq.; Terry Ahearn, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 22 | 1/23/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Erik Moller, Esq.; Terry Ahearn, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 23 | 1/23/2002 | Michael Rahman, Esq. | Harry Gruber, Dennis Berman | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 24 | 1/23/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 25 | 1/23/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 26 | 1/23/2002 | Mike Anderson | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infingement by Convio | WP |
| 27 | 1/24/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 28 | 1/24/2002 | Mike Anderson | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infingement by Convio | WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 29 | 1/24/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Terry Ahern, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 30 | 1/26/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 31 | 1/28/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 1 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 32 | 1/30/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 1 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 33 | 1/31/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 1 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 34 | 2/1/2002 | Julie Schwartz | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 35 | 2/2/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 36 | 2/2/2002 | J.P. McNeill | Allen Gruber; Denise Clancey; Robert Phillips, Esq.; Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 37 | 2/4/2002 | Julie Schwartz | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 38 | 2/4/2002 | Michael Rahman, Esq. | Robert Phillips, Esq.; Michael Rahman, Esq.; Buck de Wolf, Esq.; Ethan Anderman, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 39 | 2/4/2002 | Robert Phillips, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 40 | 2/4/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 3 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 41 | 2/4/2002 | J.P. McNeill | Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 42 | 2/4/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 3 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients[1] | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 43 | 2/1/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 44 | 2/5/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 45 | 2/5/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 46 | 2/5/2002 | Michael Rahman, Esq. | Linda Spencer | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 47 | 2/5/2002 | Judy Piercey | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication regarding draft press release | AC |
| 48 | 2/5/2002 | Julie Schwartz | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 49 | 2/5/2002 | Michael Rahman, Esq. | Harry Gruber; Dennis Berman | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 50 | 2/6/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 51 | 2/6/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Dennis Berman; Harry Gruber; Michael Rahman, Esq. | 3 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 52 | 2/6/2002 | Judy Piercey | Judy Piercey; Harry Gruber; Dennis Berman | 1 | e-mail containing confidential attorney client communication regarding draft press release | AC |
| 53 | 2/6/2002 | Michael Rahman, Esq. | Jeane Chen; Michael Rahman, Esq.; Harry Gruber | 1 | e-mail containing confidential attorney client communication regarding draft press release | AC |
| 54 | 2/6/2002 | Julie Schwartz | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 55 | 2/6/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 56 | 2/7/2002 | Buck de Wolf, Esq. | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 57 | 2/7/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients¹ | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 58 | 2/7/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Buck de Wolf, Esq.; Ethan Andelman, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 59 | 2/7/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 60 | 2/7/2002 | Michael Rahman, Esq. | Julie Schwartz | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 61 | 2/7/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 62 | 2/7/2002 | Robert Phillips, Esq. | Michael Rahman, Esq.; Buck de Wolf, Esq.; Ethan Andelman, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 63 | 2/7/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 64 | 2/7/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 65 | 2/7/2002 | J.P. McNeill | Denise Clancey; Michael Aufichtig; Allen Gruber | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 66 | 2/8/2002 | Michael Rahman, Esq. | Dennis Berman | 1 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 67 | 2/8/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 3 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 68 | 2/8/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication made in preparation for litigation | AC/WP |
| 69 | 2/11/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 4 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 70 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 71 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 72 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 73 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 74 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 75 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 76 | 2/11/2002 | J.P. McNeill; Dan Mombrea | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 77 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 78 | 2/11/2002 | J.P. McNeill | Allen Gruber; Denise Clancey | 1 | e-mail written at the direction of counsel containing attorney client communication regarding demonstration CDs | AC/WP |
| 79 | 2/12/2002 | Judy Piercey | Harry Gruber; Dennis Berman, Esq.; Ephraim Feig; Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 80 | 2/15/2002 | Ephraim Feig | Harry Gruber; Dennis Berman; Michael Rahman, Esq.; Allen Gruber | 1 | e-mail containing confidential attorney client communication regarding Convio | AC |
| 81 | 2/15/2002 | Susan Daniher | Harry Gruber; Michael Rahman, Esq. | 1 | e-mail containing confidential attorney client communication regarding Convio | AC |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients[1] | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 82 | 3/7/2002 | Michael Rahman, Esq. | Heidi Tomich | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 83 | 3/8/2002 | Heidi Tomich | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 84 | | | | | | |
| 85 | 3/11/2002 | Paula Skinner | Michael Rahman, Esq. | 3 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 86 | 3/12/2002 | Paula Skinner | Linda Spencer, Michael Rahman, Esq. | 3 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 87 | 3/18/2002 | Michael Rahman, Esq. | Mike Anderson | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 88 | 3/18/2002 | Mike Anderson | Michael Rahman, Esq. | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 89 | 3/19/2002 | Mike Anderson | Michael Rahman, Esq. | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 90 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 91 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 92 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients¹ | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 93 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 94 | 3/20/2002 | Mike Anderson | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 95 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 96 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 97 | 3/20/2002 | Mike Anderson | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 98 | 3/20/2002 | Michael Rahman, Esq. | Mike Anderson | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 99 | 3/25/2002 | Michael Rahman, Esq. | Heidi Tomich | 6 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 100 | 3/25/2002 | Heidi Tomich | Michael Rahman, Esq. | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 101 | 4/8/2002 | Heidi Tomich | Harry Gruber | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 102 | 4/9/2002 | Heidi Tomich | Harry Gruber | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients [1] | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 03 | 4/10/2002 | Mike Anderson | Harry Gruber | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 04 | 4/16/2002 | Heidi Tomich | Harry Gruber | 2 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 05 | 4/29/2002 | Harry Gruber | Heidi Tomich; Michael Rahman, Esq.; Harry Gruber | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 06 | 5/2/2002 | Heidi Tomich | Michael Rahman, Esq. | 3 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 07 | 5/9/2002 | Heidi Tomich | Michael Rahman, Esq. | 4 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 08 | 5/10/2002 | Heidi Tomich | Michael Rahman, Esq.; Harry Gruber | 5 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 09 | 5/10/2002 | Heidi Tomich | Michael Rahman, Esq. | 5 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 10 | 5/12/2002 | Tammy McCarthy | Michael Rahman, Esq. | 1 | e-mail containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |
| 11 | 5/16/2002 | Julie Schwartz | Robert Phillips, Esq. | 1 | communication made in preparation for litigation | AC/WP |
| 12 | undated | Michael Rahman, Esq. | | N/A | Microcassette recording containing third party witness interview product regarding concerning infringement by Convio | WP |
| 13 | undated | Michael Rahman, Esq. | | N/A | Microcassette recording containing attorney work product regarding third party witness interview concerning infringement by Convio | WP |

KINTERA v. CONVIO
SECOND AMENDED AND SUPPLEMENTAL PRIVILEGED DOCUMENT INDEX

6/26/2003

| Document No. | Date | Author | Recipients¹ | Pages | Description | Privilege Claimed |
|---|---|---|---|---|---|---|
| 114 | 1/28/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 115 | 1/29/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 116 | 1/29/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 117 | 1/30/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 118 | 1/30/2002 | Michael Rahman, Esq. | Robert Phillips, Esq. | 2 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 119 | 2/1/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 3 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 120 | 2/1/2002 | Robert Phillips, Esq. | Michael Rahman, Esq. | 3 | e-mail containing confidential attorney client communication regarding litigation | AC/WP |
| 121 | 3/14/2002 | Heidi Tomich | | 3 | statement signed by third party witness concerning infringement by Convio | WP |
| 122 | 3/22/2002 | Michael James Anderson | | 2 | statement signed by third party witness concerning infringement by Convio | WP |

1 Robert N. Phillips (State Bar No. 120970)
Buckmaster de Wolf (State Bar No. 195536)
2 Ethan B. Andelman (State Bar No. 209101)
HOWREY SIMON ARNOLD & WHITE, LLP
3 301 Ravenswood Avenue
Menlo Park, California 94025-3741
4 Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

5
Michael A. Rahman
6 KINTERA, INC.
9560 Scranton Road, Suite 240
7 San Diego, California 92121
Telephone: (858) 795-3011
8 Facsimile: (858) 795-3010

9 Attorneys for Plaintiff KINTERA, INC.

ORIGINAL

11          UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

14 KINTERA, INC.,
a Delaware corporation,                    Civil Action No. 02–0264-BTM (LSP)
15
                Plaintiff,                 **CERTIFICATE OF SERVICE**
16
        vs.
17
CONVIO, INC.,
18 a Delaware corporation,
19              Defendant.

20

21

22

23

24

25

26

27

28

P: 124974(2_F5011.DOC)

I am a citizen of the United States, over the age of eighteen years, and I am not a party to the within action. My business address is 301 Ravenswood Avenue, Menlo Park, California 94025.

On June 27, 2003, at my place of business, I caused a true and correct copy of the following document(s):

1.      Kintera, Inc.'s Opposition to Convio, Inc.'s Motion to Compel Production of Documents by Plaintiff Kintera, Inc.;

2.      Declaration of Michael Rahman in Support of Kintera, Inc.'s Motion to Compel Production of Documents by Plaintiff Kintera, Inc.;

3.      Kintera, Inc.'s Objection and Motion to Strike the Declaration of Chad Fuller and the Declaration of Patrick Dillon;

4.      Memorandum in Support of Kintera, Inc.'s Objection and Motion to Strike the Declaration of Chad Fuller and the Declaration of Patrick Dillon (FILED UNDER SEAL);

5.      [Proposed] Order Granting Kintera, Inc.'s Objection and Motion to Strike;

6.      Declaration of Ethan Andelman in Support of Kintera, Inc.'s Objection and motion to Strike the Declaration of Chad Fuller and the Declaration of Patrick Dillon (FILED UNDER SEAL);

7.      Kintera, Inc.'s Ex Parte Application to Shorten Time for Hearing on Objection and Motion to Strike;

8.      [Proposed] Order Granting Kintera, Inc.'s Ex Parte Application to Shorten Time for Hearing on Objection and Motion to Strike;

9.      Kintera, Inc.'s Notice of Motion and Motion to File Under Seal (i) the Memorandum of Points and Authorities in Support of Objection and Motion to Strike and (ii) The Declaration of Ethan B. Andelman in Support of Objection and Motion to Strike; and

10.      [Proposed] Order Granting Kintera, Inc.'s Motion to File Under Seal
(i) the Memorandum of Points and Authorities in Support of
Objection and Motion to Strike and (ii) the Declaration of Ethan B.
Andelman in Support of Objection and motion to Strike

to be served on counsel for the interested parties in the above- captioned action addressed
as follows, via the indicated method:

**FEDERAL EXPRESS**

**Chad R. Fuller, Esq.**
**Heller Ehrman White & McAuliffe, LLP**
**4350 La Jolla Village Drive, 7th Floor**
**San Diego, CA  92122-1246**

I declare that I am employed in the office of a member of the Bar of this Court at
whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed
at Menlo Park, California, on June 27, 2003.

Joyce Thompson

P: 124974(2_F$011.DOC)